UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | (PHILLIPS/ GUYTON) |
| RALPH T. O'NEAL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is now before the Court to address the Defendant's Motions to Dismiss [Doc. 130 and 134].

On April 23, 2009, the parties came before the Court to address a motion to withdraw that had been filed by the Defendant's attorney. At that time, the Court granted the Defendant's request to represent himself in this matter. [Doc. 119]. Since this hearing, the Defendant has filed numerous untimely motions with the Court. The motion deadline in this case was originally August 4, 2008. [Doc. 9]. This deadline was later extended to October 10, 2008, [Doc. 60], and it was finally extended to February 18, 2009, [Doc. 102]. The motion deadline in this case has not been extended beyond February 18, 2009.

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, this Court may set a deadline for the parties to make pretrial motions, and it is within the Court's discretion to extend this deadline and grant relief from the waiver that attaches to motions not filed within this deadline, where good cause has been shown. Fed. R. Crim. P. 12(c), (e). The Defendant has not shown good

cause as to why the motion deadline, which was previously extended by over six months, should again be extended. Therefore, the Court finds that all motions filed beyond the February 18, 2009, motion deadline are untimely.

Because the Defendant's *pro se* motions were all filed after the deadline for filing motions had passed, the Court denied the Defendant's pretrial motions in its previous Memorandum and Order [Doc. 135]. Likewise, the Defendant's *Pro Se* Motion to Dismiss Unconstitutional Statute [Doc. 130] and *Pro Se* Motion to Dismiss or Forward to the United States Supreme Court [Doc. 134] were filed after the deadline for filing motions had passed. Accordingly, the Court finds that these motions are untimely and are not well-taken. Therefore, it is **RECOMMENDED** that the Defendant's *Pro Se* Motion to Dismiss Unconstitutional Statute **[Doc. 130]** and *Pro Se* Motion to Dismiss or Forward to the United States Supreme Court **[Doc. 134]** be **DENIED**.[1]

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).