UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | (PHILLIPS/SHIRLEY) |
| RALPH O'NEAL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Ralph O'Neal's Motion For Subpoenas [Doc.185], filed on June 10, 2009, and the unissued subpoenas [Doc. 187] filed with the Court June 15, 2009. Pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure, Defendant, via his Motion, requests that subpoena be issued for Tina Hogan, Cathy Walker, Chrisandra Knowles, David Ogden, and Eric Holder, commanding these witnesses to testify on his behalf at the detention hearing scheduled to take place before this Court on June 24, 2009. The Motion for Subpoenas [Doc. 185] was filed with a number of unissued subpoenas addressed to each of the witnesses named in the Motion. The Defendant has also filed a number of unissued subpoenas [Doc. 187] that are not accompanied by a motion but are labeled so as to subpoena the following persons: Mr. and Mrs. Joseph Strickland, James Fields, Dennie Loden, and Craig Martin. While these subpoenas do request any specific relief, the Court will treat them as a motion, and the following analysis applies to these subpoenas as well.

> Rule 17(b) provides as follows:
>
> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. P. 17(b). Although "the right of an indigent criminal defendant to subpoena witnesses rests not only on Rule 17(b), but also on the Sixth Amendment right to compulsory process and on the Fifth Amendment right not to be subjected to disabilities by the criminal justice system because of financial status," a defendant must still make a preliminary showing that the requested witness is necessary to an adequate defense. United States v. Moore, 917 F.2d 215, 230 (6th Cir. 1990), cert. denied, 499 U.S. 963 (1991) (internal citations omitted).

With respect to this preliminary showing required of indigent defendants, the Sixth Circuit has held that "[n]either rich nor poor defendants have an unfettered right to subpoenas without discretionary review by the district court." Id. "Necessary" in this context means "relevant, material, and useful to an adequate defense." Id. To satisfy this preliminary showing, the defendant must do more than offer generalities about the necessity of the witness. United States v. Barker, 553 F.2d 1013, 1020-21 (6th Cir. 1977); see also United States v. McCaskill, 48 Fed. Appx. 961, 962 (6th Cir. 2002). Instead, he should provide a summary of the witness's proposed testimony. See United States v. Reaves, 194 F.3d 1315, * 4 (6th Cir. (Table) Oct. 5, 1999). In the absence of such a summary, the Court cannot determine the witness's relevance to the defense. Id.

The Court finds that the defendant has not established the necessity of the specified witnesses. The Defendant's showing of necessity as to Tina Hogan, Cathy Walker, Chrisandra Knowles, David Ogden, and Eric Holder, consists of the following statement, "it is necessary for

2

these witnesses to be present for the Defendant to present an adequate defense." [Doc. 185 at 1]. In the unissued subpoena labeled for Ms. Walker, the Defendant has also added the notation: "Medical Records." [Doc. 185-1 at 9]. In the unissued subpoena labeled for Mr. Holder, the Defendant has added that Mr. Holder should bring, "Attorney General's Guidelines for the use of Confidential Informants. Certification of authority under sections 509, 510, and 533 to authorize wire, oral, or electronic communications and to set policy, regulations, and guidelines." [Doc. 185-1 at 1].

In regards to Mr. and Mrs. Joseph Strickland, James Fields, and Dennie Loden, the Defendant has made no statement of necessity or explained how these witnesses are necessary. [Doc. 187 at 1-6]. In the unissued subpoena labeled for Mr. Martin, the Defendant has added the notation: "Proof of job title." [Doc. 187 at 7].

At best the Defendant's statement about necessity and brief notations are conclusory statements. They do not provide the Court with sufficient information for determining whether these witnesses are necessary and offer only generalities about the necessity of the witnesses despite the Court of Appeals' admonition against such, see Barker, 553 F.2d at 1020-21. The notations about medical records and job title do not explain how such evidence would relate to the issue of detention, and an instruction that United States Attorney General Eric Holder bring guidelines to this hearing offers no explanation for why such information would be required for this Court to make a decision on whether the Defendant shall remain detained pending trial. As with his previous motion for subpoenas [Doc. 177], the Defendant's filings are simply inadequate and do not comply with Rule 17.

Accordingly, the Court finds that the Defendant's Motion For Subpoenas **[Doc. 185]** and the unissued subpoenas **[Doc. 187]**, to the extent the Defendant requests their issuance under Rule 17, are not well-taken, and they are **DENIED**.

**IT IS SO ORDERED**.

ENTER:


      s/ C. Clifford Shirley, Jr.
United States Magistrate Judge