UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | (PHILLIPS/SHIRLEY) |
| RALPH T. O'NEAL, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the Court for a motion hearing on June 24, 2009, to address a number of pending motions. Assistant United States Attorney David Lewen ("AUSA Lewen") was present representing the Government. The Defendant was present representing himself, and Attorney Steven G. Shope was present serving as elbow counsel. The Court heard evidence on the following motions, and the Court rules as follows.

**A.      "Petition for Hearing" [Doc. 169]**

The Defendant's first motion entitled "Petition for Hearing," in its entirety consists of the following statement, "In compliance of 18 U.S.C. § 2521 for the Court to initiate a hearing on behalf of the Attorney General for the governments [sic] violation of Chapter 119 of this title." In response, the Government maintains that the Defendant has failed to show how § 2521 is applicable or relevant to this case. [Doc. 186].

As stated above, the Defendant was given a hearing on this motion. The Defendant clarified his argument and contended that Det. Mynatt illegally used a recording device during the

investigation of the current charges. The Defendant argued that this interception violated 18 U.S.C. § 2521 and Chapter 119 of Title 18. The Government responded that all wire interceptions made in this case were legal because one party to the call consented to its interception. The Government also maintained its stance that the statute is inapplicable to the facts of the present case.

Section 2521 instructs, "Whenever it shall appear that any person is engaged or is about to engage in any act which constitutes or will constitute a felony violation of this chapter, the Attorney General may initiate a civil action in a district court of the United States to enjoin such violation." This provision is found within Chapter 119 of Title 18, which addresses interceptions of oral, wire, and electronic communications. Thus, the statute allows the United States Attorney General to prevent interceptions of oral, wire, and electronic communications that violate applicable provisions by seeking a civil injunction.

The Court finds that an injunction to prevent illegal interception, as provided for in § 2521, is completely inappropriate in this case. First, this statute empowers the United States Attorney General to seek injunctive relief through a civil action, not a defendant. Further, any wire interceptions in this case were completed months ago, and accordingly, relief in the form of an injunction would be futile. Further, and more importantly, the Defendant has not presented a scintilla of evidence of any misbehavior or illegal actions by the Government. Accordingly, the Court finds that the relief available under § 2521 is not appropriate in this case nor is it in any way warranted by the facts now before the Court, as the Defendant has presented no evidence that the Government violated Chapter 119 of Title 18 of the United States Code. Therefore, the Court finds that the Defendant's motion **[Doc. 169]** is not well-taken, and it is **DENIED**.

B.  **Petition for Hearing [Doc. 168]**

In his second motion entitled "Petition for Hearing" [Doc. 168], the Defendant moves for an extradition proceeding because the Defendant alleges he was arrested in another district without a warrant or indictment that was properly authorized in violation of 18 U.S.C. § 3182 the statute addressing extradition of "Fugitives from State or Territory to State, District, or Territory." The Defendant also alleges that, under Criminal Rule of Civil Procedure 41, the warrant for his arrest issued by Magistrate Judge Guyton in the Eastern District of Tennessee was issued while he was outside the Eastern District of Tennessee. The Government responds [Doc. 186] that the Defendant has failed to show how § 3182 is applicable to this action or how any Federal Rule would exclude these proceedings from this Court. As to the Defendant's arguments under the Federal Rules of Criminal Procedure, the Government argues that the warrant was proper because the crimes alleged occurred in the Eastern District of Tennessee.

The Defendant is correct that Rule 41 of the Federal Rules of Criminal Procedure directs that a magistrate judge has the authority to issue a warrant for search or seizure of a person or property outside the district where the person or property is located within the district when the warrant is issued. Fed. R. Crim. P. 41(b)(2). However, the Defendant's application of this rule to the facts of the present case is misguided. The warrant in the present case [Doc. 2] was an arrest warrant not a search warrant. Rule 4 of the Federal Rules of Criminal Procedure governs arrest warrants, and it directs that an arrest warrant "may be executed . . . within the jurisdiction of the United States." Fed. R. Crim. P. 4(c)(2). Because Dickson, Tennessee, is within the jurisdiction of the United States, the arrest warrant issued by Magistrate Judge Guyton in this case was properly executed in Dickson.

Based on the foregoing, the Court finds that there is no merit to the Defendant's contention that his arrest, in the Middle District of Tennessee, was improper. Accordingly, the Court finds that

the motion **[Doc. 168]** is not well-taken, and it is **DENIED**.

C.     **Motion for Leave to Extend Motion Cut-off Date [Doc. 172]**

In his Motion for Leave to Extend Motion Cut-off Date [Doc. 172], the Defendant moves the Court to extend the motion cut-off deadline in this matter. The Government responds that the motion deadline should not be extended, as the Defendant maintains that he has been ready to go to trial since September 3, 2008 [see Doc. 170] and because the Defendant is merely attempting to delay the trial of this matter. [Doc. 186].

Initially, the Court notes that at the last hearing the Court agreed to hear the Defendant's pending late-filed motions [Docs. 166, 167, 168, 169, 170, and 172] at the hearing to be held on June 24, 2009. The Defendant has been heard on these motions, so in effect, the Defendant's motion deadline was extended as to these motions. At the hearing, the Court asked the Defendant what additional motions he desired to file. He identified only one such motion, a motion to dismiss, and the Court allowed the Defendant to make this motion orally. A discussion of its merits is included will be included in a report and recommendation to follow this order.

The motion deadline in this case was originally August 4, 2008. [Doc. 9]. This deadline was later extended to October 10, 2008, [Doc. 60], and finally, it was extended to February 18, 2009, [Doc. 102]. Nonetheless, this Court also agreed to hear a number of late-filed motions [Docs. 166, 167, 168, 169, 170, and 172], and the Court, at the hearing on June 24, 2009, gave the Defendant a final opportunity to identify any motions he wanted to file. The Court has also agreed to consider the merits of this final motion.

The Defendant has been given months to make appropriate motions in this case. Weighing the public's interest in a speedy disposition of this matter against the Defendant's desire to file addition motions, the Court finds that the public's interest in the prompt and efficient administration

of justice outweighs the Defendant's desire to file additional motions, almost a year after his initial indictment, and accordingly, the Court declines to extend the motion deadline any further. Therefore, the Court finds the Defendant's motion **[Doc. 172]** is not well-taken, and it is **DENIED, except to the extent that the Court will entertain the final oral motion made at the June 24, 2009, hearing**.

D.     **Pro Se Motion [Doc. 183] and Motion for Subpoena Duces Tecum [Doc. 184]**

In his motion [Doc. 183], which takes the form of a letter to the undersigned, the Defendant alleges that there has been "a major due process violation" in his case because the documents in this case do not comply with 28 U.S.C. § 1691. The Defendant also alleges that the Complaint [Doc. 1] is not in compliance with Rule 4 of the Federal Rules of Criminal Procedure. Finally, he alleges that no "attestation of the clerk" has been affixed to the paperwork in his case in violation of 28 U.S.C. § 1738. In his related Motion for Subpoena Duces Tecum [Doc. 184], the Defendant seeks to subpoena the deputy clerk who stamped [Docs. 1 and 1-1] "to admit a defect on the Public Record." The Government has not filed a written response to these motions.

As to the motion alleging a violation of 28 U.S.C. § 1738, the Court finds this statute to be wholly inapplicable to the present proceedings because it addresses certifying judgments and records so that they are entitled to full faith and credit in the courts of the States, Territories, and Possessions of the United States. This statute addresses civil matters, and the full faith and credit of no such judgment is at issue in this case. Similarly, 28 U.S.C. § 1691 addresses civil matters and is inapplicable to the matter before the Court. Thus, the Court finds that compliance with these statutes is a non-issue, and certainly no due process violation has taken place in relation to compliance with these statutes. Accordingly, the Court finds that the motion **[Doc. 183]** is not well-taken, and it is **DENIED**.

Because the Court finds that the Defendant's motion addressing the clerk's duties [Doc. 183] fails on its merits with or without any other testimony, the Court concludes that the Defendant's Motion for Subpoena Duces Tecum [Doc. 184] is not "necessary" to the presentation of an adequate defense as it is not relevant, material, or useful to the Defendant's defense. <u>United States v. Moore</u>, 917 F.2d 215, 230 (6th Cir. 1990). Therefore, the Court finds that the Defendant has not demonstrated the criteria for a subpoena to issue under Rule 17(b) of the Federal Rules of Criminal Procedure. Accordingly, the Court finds that the Defendant's motion **[Doc. 184]** is not well-taken, and it is **DENIED**.

E.  **Other Motions**

At the hearing, the Defendant moved to withdraw the following motions: "Motion Requesting Hearing in Compliance of 21 U.S.C. § 844a" [Doc. 166] and "Petition: Notice of Demand for Saving to Suitors 28 U.S.C. 1333 and Affidavit of Negative Aveerment [sic] Opportunity to Cure and Counterclaim" [Doc. 180]. The Court found the Defendant's oral motion to withdraw these motions to be well-taken, and it was **GRANTED**. Accordingly, the motions **[Docs. 166 and 180]** are **DENIED AS MOOT**.

The Court in its order [Doc. 179] entered June 2, 2009, stated that it would address the document entitled "Motion in Response to Governments [sic] Response to Defendants [sic] Motion to Dismiss or Forward to the U.S. Supreme Court" at the hearing on June 24, 2009. However, upon closer review of this document, the Court finds it to be a response relating back to the Government's response [Doc. 135] to the Defendant's "Motion to Dismiss or Forward to United States Supreme Court" [Doc. 134]. Magistrate Judge Guyton submitted a Report and Recommendation [Doc. 138] addressing the Motion to Dismiss [Doc. 134] on May 13, 2009.

Because the Report and Recommendation on the Motion to Dismiss [Doc. 134] has been

entered and is awaiting a ruling by the District Court, the Court will not address the recent document [Doc. 170]. The document [Doc. 170] is obviously meant to relate back to the original Motion to Dismiss [Doc. 134] and does not seek additional or differing relief from this Court. It is not a prayer for relief, and requires no ruling from this Court.

Finally, the Court will enter a report and recommendation following this order addressing the Motion to Suppress [Doc. 18] and the oral motion to dismiss that the Defendant made at the June 24, 2009, hearing.

**H.    Conclusion**

In summary,

1. The "Petition for Hearing" (Motion) **[Doc. 169]** is **DENIED**;

2. The second "The Petition for Hearing" (Motion) **[Doc. 168]** is **DENIED**;

3. The Defendant's Motion to Extend the Motion Cut-off **[Doc. 172]** is **DENIED, except to the extent that the Court will entertain the final oral motion made at the June 24, 2009, hearing**;

4. Pro Se Motion **[Doc. 183]** is **DENIED**;

5. Motion for Subpoena Duces Tecum **[Doc. 184]** is **DENIED**;

6. The motions that the Defendant moved to withdraw **[Docs. 166 and 180]** are **DENIED AS MOOT**; and

7. A report and recommendation addressing the Motion to Suppress [Doc. 18] and the oral motion to dismiss that the Defendant made at the June 24, 2009, hearing, will follow this order.

IT IS SO ORDERED

                                                  **ENTER:**

                                               s/ C. Clifford Shirley, Jr.
                                              United States Magistrate Judge