UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | (PHILLIPS/SHIRLEY) |
| RALPH T. O'NEAL, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The Defendant is charged in a ten-count Indictment [Doc. 93], which contends that the Defendant, *inter alia*: conspired to distribute cocaine; aided and abetted in the distribution of cocaine; distributed cocaine within one thousand feet of a public elementary school; aided and abetted in the distribution of "crack" cocaine; distributed "crack" cocaine within one thousand feet of a public elementary school; and knowingly possessed a firearm despite being a convicted felon.

The parties appeared before the Court for a motion hearing on June 24, 2009, to address a number of pending motions. Assistant United States Attorney David Lewen ("AUSA Lewen") was present representing the Government. The Defendant was present representing himself, and Attorney Steven G. Shope was present serving as elbow counsel.

The Court has entered a Memorandum and Order [Doc. 204] addressing the nondispositive motions that were argued at the hearing. In addition, the Court is entering a Report and

Recommendation addressing the Defendant's Motion to Suppress [Doc. 18] contemporaneously with the entry of this Report and Recommendation. The instant Report and Recommendation will address the final two dispositive motions: a Motion to Dismiss [Doc. 167], filed May 18, 2009, and an oral motion to dismiss made at the June 24, 2009 hearing. The Government responded [Doc. 186] to the Motion to Dismiss on June 15, 2009, and responded to the oral motion at the hearing. Accordingly, these motions were ripe for adjudication and were taken under consideration on June 25, 2009.

## I. ANALYSIS

Two dispositive motions are before the Court: a Motion to Dismiss [Doc. 167] and an oral motion to dismiss made at the June 24, 2009 hearing. The Court will address each of these in turn.

### A. Motion to Dismiss [Doc. 167]

In his Motion to Dismiss, the Defendant argues that he has rescinded his social security number and any government gifts and is not subject to the jurisdiction of this court, basically, because he has not agreed to be bound. [Doc. 167 at 1]. The motion includes lengthy discussions of civil jurisdiction doctrines like diversity jurisdiction and federal question jurisdiction, which the Defendant appears to argue justify dismissal of this case. The Government responds [Doc. 186] that it "is unable to discern any legally cognizable claim whatsoever in this particular pleading," and maintains that the motion is devoid of merit.

At the hearing, the Defendant reiterated the contents of his motion. The Defendant proclaimed that persons in this nation were merely "sovereigns of the land" and were not subject to the jurisdiction of federal courts unless they entered a contract agreeing to be bound. The

2

Government maintained its position that the Defendant's argument is completely unsupported by any legal authority.

A defendant may move to dismiss an indictment or information on the grounds that the indictment or information fails to invoke the court's jurisdiction or state an offense. Fed. R. Civ. P. 12(b)(3)(B). Thus, the Court has examined the contents of the Defendant's motion and has heard his arguments in support of the motion. However, the Court finds no grounds for dismissing the indictment in this case. The Superseding Indictment [Doc. 27], and its predecessor, allege that crimes were committed within the Eastern District of Tennessee in violation of statutes found in the United States Code.

The Court finds that the Superseding Indictment [Doc. 27] alleges both that a crime has been committed and properly alleges the jurisdiction of this Court. The Defendant's ramblings about this nation's sovereignty and its laws, do not change the presence of these jurisdictional elements and do not constitute grounds for dismissing the Indictment. Accordingly, the Court finds that the Defendant's Motion to Dismiss [Doc. 167] is not well-taken, and the Court **RECOMMENDS** that it be **DENIED**.

**B.** **Oral Motion to Dismiss**

Finally, the Defendant at the hearing held on June 24, 2009, moved to make an oral motion. The Court gave the Defendant leave to file the motion and heard the Defendant's position. The Defendant alleges that the Government has committed a violation of 21 U.S.C. § 871. The Defendant argues that § 871(b) empowers the United States Attorney General to enforce rules and regulations and that he has failed to enforce certain rules relating to the use of informants. The Government responded that § 871 is simply a regulation empowering the Attorney General, that it

is inapplicable to this case, and that it does not provide for relief such as suppression or dismissal.

The Defendant's reliance on § 871 is misplaced. The regulation, which is contained within the portion of Title 21 containing administrative and enforcement powers, simply empowers the Attorney General to act upon the contents of Subchapter I of Title 21. Section 871 provides no grounds for dismissal of the indictment nor any other relief. Further, there is no evidence before the Court of any wrongdoing by the Government related to the use of informants.

Accordingly, the Court finds that the Defendant's oral motion to dismiss is not well-taken, and the Court **RECOMMENDS** that it be **DENIED**.

### III. CONCLUSION

In sum, the Court finds that the Defendant's Motion to Dismiss **[Doc. 167]** and oral motion to dismiss are not well-taken, and the Court **RECOMMENDS** that they be **DENIED**.[1]

Respectfully Submitted,

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).