UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | (PHILLIPS/SHIRLEY) |
| RALPH T. O'NEAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is now before the Court to address three pro se motions that have been filed by the Defendant.

The motion deadline in this case was originally August 4, 2008. [Doc. 9]. This deadline was later extended to October 10, 2008, [Doc. 60], and it was further extended to February 18, 2009, [Doc. 102]. In a Memorandum and Order [Doc. 179] entered June 2, 2009, the Court agreed to hear arguments on motions that had been filed out of time, including Motion for Leave to Extend Motion Cut-Off Date [Doc. 172]. After hearing the Defendants' arguments on the motions that had been filed out of time at a hearing held June 24, 2009, the Court issued a Memorandum and Order [Doc. 204] stating that the Court would, in effect, extend the motion deadline by addressing the merits of the late-filed motions [Docs. 166, 167, 168, 169, 170, and 172]. However, the Court at that time

explained:

> [T]he Court, at the hearing on June 24, 2009, gave the Defendant a final opportunity to identify any motions he wanted to file. The Court has also agreed to consider the merits of this final motion.
> 
> The Defendant has been given months to make appropriate motions in this case. Weighing the public's interest in a speedy disposition of this matter against the Defendant's desire to file addition motions, the Court finds that the public's interest in the prompt and efficient administration of justice outweighs the Defendant's desire to file additional motions, almost a year after his initial indictment, and accordingly, the Court declines to extend the motion deadline any further.

[Doc. 204 at 4-5].

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, this Court may set a deadline for the parties to make pretrial motions, and it is within the Court's discretion to extend this deadline and grant relief from the waiver that normally attaches to motions not filed within this deadline, where good cause has been shown. Fed. R. Crim. P. 12(c), (e). The Defendant has not shown good cause as to why the motion deadline, should again be extended, and as the Court found in its previous order, the public's interest in prompt and efficient administration of justice outweighs the Defendant's desire to file additional motions, now, over a year after he was initially indicted.

Accordingly, in the absence of good cause shown, the Court declines to extend the motion deadline any further. The Defendant's "Complaint 5 U.S.C. (a)(4)(B)," **[Doc. 215]** filed July 28, 2009, the "Petition for 'Franks' Hearing," **[Doc. 216]** filed July 28, 2009, and the "Freedom of

Information Act & Tennessee Bar Request," **[Doc. 217]** filed August 3, 2009, are untimely and not well-taken, and they are hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge