UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-107 |
| v. ) | (PHILLIPS/SHIRLEY) |
| ) | |
| RALPH T. O'NEAL, III, and ) | |
| RANDY SPEARS, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case came before the Court on August 31, 2009, for a hearing on the Motion for Continuance [Doc. 240] filed by Defendant O'Neal's elbow counsel and referred [Doc. 242] to the undersigned on August 26, 2009. <u>See</u> 28 U.S.C. § 636(b). Assistant United States Attorney David P. Lewen appeared on behalf of the Government. Defendant Ralph T. O'Neal, III, was present representing himself with the assistance of standby counsel Attorney Steven G. Shope. Attorney Leslie M. Jeffress represented Defendant Randy Spears, who was also present.

In the motion, Attorney Shope asks the Court to continue the September 15, 2009 trial date because he will be representing another defendant in a federal trial that begins on September 14, 2009, also before Judge Phillips. Mr. Shope expects that trial to last three to four days. The Government responds [Doc. 243] that it does not object to a continuance, given Mr. Shope's conflict. It notes that Mr. Shope's other federal case is older than this one. Moreover, it notes that Defendant O'Neal continues to file motions out of time, which require the expenditure of judicial resources to resolve.

1

At the hearing, Defendant O'Neal objected to the continuance requested by his elbow counsel, stating that a continuance would violate his right to a speedy trial. If a continuance was granted, Defendant O'Neal wanted the earliest available date. Mr. Shope reiterated the conflict with his other case presented by proceeding with the current trial date. AUSA Lewen was skeptical of Defendant' O'Neal's desire to proceed to trial in light of his copious filings in this case including an appeal of an Order to the District Court and interlocutory appeals to the Court of Appeals for the Sixth Circuit. He noted that the Government stood ready to proceed to trial on September 15 but given that the District Court was scheduled to conduct the criminal trial of Mr. Shope's other federal client the day before, proceeding on the current trial date was impossible.

Defendant Spears did not object to a continuance of the September 15 trial date. The first available trial date was October 13, 2009. Attorney Jeffress was not available that week. Additionally, the Government stated that an essential fact witness was not available on that date and would not return until October 18, 2009. The next available trial date was December 15, 2009. All of the parties and the Government's witness were available on that date.

The Court finds the Motion for Continuance [Doc. 240] to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that on August 21, 2009, Defendant O'Neal filed an appeal [Doc. 239] of this Court's Pretrial Order. That appeal is presently pending before the District Court and the Government's time to respond to that filing has not yet expired. See 18 U.S.C. § 3161(h)(1)(D) (excluding from the speedy trial calculation delay resulting from the pendency of a pretrial motion). Once the Government has responded, the District Court will need time, not to exceed thirty days, in which to rule upon this appeal. See 18 U.S.C. §

2

3161(h)(1)(H) (excluding delay reasonably attributed to time during which the court has a matter concerning the defendant under advisement). Also, in his Appeal [Doc. 239], Defendant O'Neal states that he has "several legal issues and problematic evidentiary issues to be addressed." The Court will need time to hear and rule upon these issues. See 18 U.S.C. § 3161(h)(1) (excluding generally "[a]ny period of delay resulting from other proceedings concerning the defendant"). At the August 31 hearing, the Court set a pretrial conference for October 8, 2009 at 1:30 p.m.

Defendant O'Neal has also filed two Notices [Docs. 210 and 246] of interlocutory appeal to the Sixth Circuit. If the appellate court permits these appeals, the time during which the interlocutory appeals are pending is excludable from the speedy trial calculation. See 18 U.S.C. § 3161(h)(1)(C). Moreover, the earliest available trial date, following the September 15 trial date, was October 13, 2009. The Court finds that an essential fact witness of the Government will be unavailable on that date. See 18 U.S.C. § 3161(h)(3)(A) (excluding delay caused by the unavailability of an essential witness). The Court finds that this witness's presence can not be obtained by due diligence on October 13 or the four days thereafter. See 18 U.S.C. § 3161(h)(3)(B). Additionally, the Court finds that the inability to obtain the witness on those dates exists in spite of the diligent preparation for trial on the part of the Government. See 18 U.S.C. § 3161(h)(7)(C).

Furthermore, Attorney Jeffress, counsel for Codefendant Spears, is also unavailable on October 13, 2009. The Court finds that requiring Defendant Spears to proceed to trial on that date would unreasonably deny him the continuity of counsel. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court notes with regard to Defendant O'Neal that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. §

3161(h)(6). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6)[1]:

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Defendant O'Neal stands indicted [Doc. 93] with Defendant Spears, and no motion for severance has been granted. Accordingly, delay attributable to Defendant Spears is presently excludable as to Defendant O'Neal as long as it is reasonable. See 18 U.S.C. § 3161(h)(6); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court finds that Defendant Spears cannot proceed to trial on October 13, 2009, because his counsel is not available. The next available trial date is December 15, 2009. The Court finds that the two-month delay to permit Attorney Jeffress to participate in the

---

[1]This section was formerly 18 U.S.C. § 3161(h)(7).

case is reasonable.

Accordingly, the Motion for Continuance [**Doc. 240**] is **GRANTED**, and the trial of this matter is continued to **December 15, 2009**. The Court finds that all the time between the **August 31, 2009** hearing date and the new trial date of **December 15, 2009**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(C), -(h)(1)(D), -(h)(1)(H), -(h)(3)(A)-(B), -(h)(6), and -(h)(7)(A)-(B). Regarding further scheduling, the Court has set a pretrial conference for **October 8, 2009, at 1:30 p.m.** Defendant O'Neal is to file a brief on what legal and evidentiary issues need to be addressed at the pretrial conference by **September 23, 2009**. The government's response is due by **October 1, 2009**. The plea negotiation deadline is **December 1, 2009**.

Accordingly, it is **ORDERED**:

> (1) Attorney Shope's Motion for a Continuance [**Doc. 240**] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **December 15, 2009**, at 9:00 a.m., before the Honorable Thomas W. Phillips, United States District Court Judge;
>
> (3) All time between the **August 31, 2009** hearing and the new trial date of **December 15, 2009**, is fully excludable time for speedy trial purposes as set forth herein,
>
> (4) The parties are to appear before the undersigned for a pretrial conference on **October 8, 2009, at 1:30 p.m.**;
>
> (5) Defendant O'Neal's brief on the legal and evidentiary matters that need to be addressed at the pretrial conference is due **September 23, 2009**;

(6) The Government's response to Defendant O'Neal's brief is due **October 1, 2009**; and

(7) The plea negotiation deadline in this case is **December 1, 2009.**

**IT IS SO ORDERED.**

                              ENTER:

                                       s/ C. Clifford Shirley, Jr.
                                       United States Magistrate Judge