UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:08-CR-107 |
| | ) | |
| RALPH T. O'NEAL, III | ) | |

## **REPORT AND RECOMMENDATION**

Upon being convicted in this court of various drug offenses, defendant was sentenced to life imprisonment.[1] After defendant filed a Notice of Appeal, the Sixth Circuit Court of Appeals appointed attorney Robert Vogel to represent defendant before that court.[2] Defendant's conviction and sentences were affirmed, and his petition for the Writ of Certiorari to the Supreme Court was denied in October 2012.[3]

On December 17, 2012, attorney Vogel filed on the plaintiff's behalf in this court a motion for new trial[4], based upon "newly discovered evidence." It bears noting that attorney Vogel's representation of defendant was by virtue of his appointment by the Sixth Circuit to represent defendant in his appeal before that court. Upon the Supreme Court's refusal to issue the Writ of Certiorari, Mr. Vogel's appointment under the Criminal Justice Act expired. Since Mr. Vogel had never been appointed under the Criminal Justice Act to represent

---

[1] Doc. 468.

[2] Doc. 471.

[3] Doc. 491.

[4] Doc. 494.

defendant before this court, his services to defendant in connection with the motion for new trial were *pro bono*. Apparently so realizing, Mr. Vogel filed on February 1, 2013, a motion that he be appointed to represent defendant, Document 499. He asks that the appointment be filed *nunc pro tunc* for December 15, 2012, presumably in an effort to include the work he already has performed with regard to the motion for new trial.

Defendant, *pro se,* also has filed a motion in which he asks that the court appoint an attorney to assist him with the filing of a motion to vacate under 28 U.S.C. § 2255, Document 493.

The district judge has referred both attorney Vogel's motion, (Doc. 499), and defendant's *pro se* motion, (Doc. 493), to the magistrate judge for disposition or for a report and recommendation, Document 502. Since both motions are post-trial, the appropriate device is a report and recommendation; see, 28 U.S.C. § 636(b)(1)(B).

## *DEFENDANT'S PRO SE MOTION FOR APPOINTMENT OF AN ATTORNEY TO ASSIST HIM WITH THE FILING OF A § 2255 MOTION (DOC. 493):*

A convicted defendant has no constitutional right to a court-appointed attorney to represent him in a § 2255 proceeding; *see, e.g., Pennsylvania vs. Finley*, 481 U.S. 551, 555 (1987). Only if the district judge determines that an evidentiary hearing is warranted is an attorney to be appointed for the movant, Rule 8(c), Rules Governing Section 2255 Proceedings.

Defendant's *pro se* motion should be denied on two bases: first, it is premature. No § 2255 motion has been filed and the court may not appoint a lawyer to prepare and file such

a motion; *see, United States v. Dolliver*, 2008 WL 1924998 (Dist. ME) (2008). Second, even if a § 2255 motion is filed, appointment of an attorney must abide the determination of the district judge that an evidentiary hearing is warranted under Rule 8(c), *supra*.

It is recommended that defendant's *pro se* motion, (Doc. 493), be denied.

### *ATTORNEY VOGEL'S MOTION TO BE APPOINTED TO REPRESENT DEFENDANT WITH RESPECT TO THE MOTION FOR A NEW TRIAL (DOC. 499):*

This motion is not so clear-cut as the previous one. The "newly discovered evidence" upon which defendant relies in his motion for new trial is his discovery – his belated discovery, he insists – that the Sheriff of Roane County, and the deputy sheriff who gathered the evidence ultimately used to convict defendant in this court, did not file their respective oaths of office as required by state law. As a result, so defendant argues, all evidence obtained by the state officers was "tainted" and would have been excluded from defendant's trial before this court.

As pointed out, attorney Vogel's underlying investigative work, and his work on the motion itself, has been *pro bono* absent a *nunc pro tunc* appointment by this court.

The United States resists the motion, insisting that the motion for new trial is frivolous.

Defendant's motion for new trial is timely under F.R.Crim.P. 33(b)(1) to the extent it is based on newly-discovered evidence. Whether the evidence indeed is "newly-discovered" and, if it is, whether that evidence would have required the exclusion of evidence from defendant's trial, is another matter altogether. Neither side has developed particularly

3

well the arguments *pro* or *con*; defendant's argument is essentially *ipse dixit*.

Based on the briefs filed in support of and in opposition to the motion for new trial, this magistrate judge cannot express an opinion regarding whether defendant's motion has merit, or whether it is utterly frivolous. The justification for appointing Mr. Vogel to represent defendant, which implicates the expenditure of taxpayers' money, largely rises or falls on the resolution of that issue, *viz.,* whether the motion is frivolous, or not.

Attorney Vogel already has expended time and effort in filing the motion for new trial. If the motion has no factual basis, then it is by definition frivolous, and attorney Vogel should not be compensated for his work in filing it.

If it is factually justified, then the question becomes whether the officers' failure to timely file the oaths of their offices would have legally required this court to exclude all evidence those officers generated. If the answer is yes, it follows that the motion for new trial is not frivolous and Mr. Vogel should be compensated for the work he expended on that motion. If the answer is no, -- *i.e*., the failure to file the oaths of office would not have required this court to exclude evidence obtained by these officers -- then the motion may or may not be frivolous, depending upon the legal authorities the attorneys in this case hopefully ultimately will present to the court. If the court later determines that attorney Vogel's legal argument was utterly devoid of any legal substance, then he should not be compensated for it under the Criminal Justice Act. On the other hand, if his argument at least has some modicum of legal support, then it follows that he should be compensated.

Therefore, it is respectfully recommended that Mr. Vogel's motion to be appointed

4

with respect to the motion for new trial (Doc. 499) filed on behalf of defendant be granted *nunc pro tunc* December 15, 2012, but with the explicit understanding that his appointment does not necessarily mean that he ultimately will be compensated.

*SUMMATION*:

Defendant's *pro se* motion for appointment of an attorney to assist him with the filing of a § 2255 motion, (Doc. 493) should be denied.

Attorney Vogel's motion to be appointed to represent defendant with respect to the motion for new trial, (Doc. 499), should be granted *nunc pro tunc* December 15, 2012, with the understanding that such appointment does not carry with it a guarantee that he will be compensated for his work.[5]

Respectfully submitted,

s/Dennis H. Inman
United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).