UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | |
| RALPH T. O'NEAL, III | ) | |

## REPORT AND RECOMMENDATION

Before the Court are Defendant Ralph T. O'Neal, III's ("O'Neal") Motions for the Return of (1) $3,071.00 in U.S. Currency and Virgin mobile cell phone, (Doc. 574), and (2) $20,000.00 seized from his person at the time of his arrest in Houston, Texas. (Doc. 581). The instant motions were referred to the United States Magistrate Judge for a Report and Recommendation by an Order of Referral, pursuant to 28 U.S.C. § 636(b), and the Rules of this Court. (Doc. 579 and 591). For the reasons set forth herein, the Court RECOMMENDS that the Defendant's motions, (Doc. 574 and 581), be **DENIED.**

## I.   INTRODUCTION

The Defendant was charged with a conspiracy to distribute cocaine in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). The Second Superseding Indictment sought the forfeiture of the Defendant's interest in any and all properties connected to the conspiracy, directly or indirectly. (Doc. 93). A jury convicted the Defendant of the conspiracy (Doc. 346) and returned a special verdict for the forfeiture of the real property located at 304 Roddy Lane, Harriman, Tennessee. (Doc.

347). As a consequence, a Preliminary Order of Forfeiture was filed on the real property on February 1, 2010. (Doc. 379). The Defendant was sentenced to life. (Doc. 468).

## II.    MOTION FOR THE RETURN OF $3,071.00 AND CELL PHONE (DOC. 574)

### A.    *The $3,071.00 in U.S. Currency*

The Roane County Sheriff's officers seized from the Defendant approximately $3,071.00 in U.S. Currency.[1] Federal law enforcement did not take control of the funds. The state authorities began forfeiture proceedings under state law to forfeit the Defendant's interest in the funds. (Doc. 584-2). On July 22, 2008, a General Sessions Judge signed a Forfeiture Warrant authorizing the seizure of the funds until the Commissioner of the Tennessee Department of Safety could conduct a hearing to legally dispose of the property pursuant to T.C.A. § 40-33-201 *et seq*. (Doc. 584-3).

O'Neal did not file any objection to the state forfeiture of his funds. As a consequence, on February 10, 2009, the Appeal Division of the Department of Safety confiscated the $3,070.00 in U.S. currency seized from O'Neal pursuant to T.C.A. § 53-11-201 *et seq*. and § 40-33-201 *et seq*.

The funds were forfeited to Roane County Sheriff's Office. (Doc. 584-5). The Defendant no longer has any interest in the funds. Accordingly, the Court recommends that O'Neal's motion to return the $3,071.00 be **DENIED.** (Doc. 574).

---

[1] The seizure documents indicate $3,070.00 was seized but the Defendant indicates $3,071.00 was seized. The discrepancy is immaterial.

B.  *The Cell phone*

The Defendant has also petitioned the Court for the return of his seized "Virgin mobile cell phone." (Doc. 574). Special Agent Andrew Chapman of the Federal Bureau of Investigation filed an affidavit indicating that two cell phones were seized from O'Neal during the execution of a search warrant at his 304 Roddy Lane property in Harriman, Tennessee. On October 7, 2013, the FBI destroyed the two cell phones. (Doc. 584-1, *Affidavit of Andrew C. Chapman*). O'Neal had not requested the return of his cell phones by the time they were destroyed. *Id.*

The cell phones seized from the Defendant no longer exist. Accordingly, the Court RECOMMENDS the Defendant's Motion for the Return of his Cell Phones (Doc. 574) be **DENIED.**

### III. MOTION FOR RETURN OF $20,000.00 (DOC. 581)

The Defendant has also filed a motion requesting $20,000.00 seized from his person be returned to him. (Doc. 581). On June 8, 2006, the Drug Enforcement Administration ("DEA") agents seized $20,000.00 in U.S. currency from O'Neal at the Bush Intercontinental Airport in Houston, Texas. The Defendant attached a letter from the City of Houston Police Department indicating that they had turned the funds seized from the Defendant in Houston, Texas to the U.S. Marshall Service. (Doc. 581, pageID # 3851).

Rule 41(g) Fed. R. Crim. P. provides that "[a] person aggrieved by an unlawful search and seizure of property, or by the depravation of property, may move for the property's return. *The motion must be filed in the district where the property was seized*.

The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g)(emphasis added). O'Neal has indicated in his motion the funds were seized in the Southern District of Texas. Rule 41(g) requires O'Neal to file any motion for the return of those funds in the Southern District of Texas, not in the Eastern District of Tennessee. Accordingly, the Court RECOMMENDS that the Defendant's motion for the return of $20,000.00 in U.S. Currency seized from his person in Houston, Texas be **DENIED**.[2]

## IV. CONCLUSION

It is respectfully RECOMMENDED that Defendant's Motion for Return of Property and United States Currency (Doc. 574), and Motion for Return of U.S. Currency (Doc. 581) be **DENIED**.[3]

Respectfully submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[2] Although the Court does not have jurisdiction to address the Defendant's motion, the Court notes that the DEA in the Southern District of Texas, where the funds were seized, administratively forfeited the funds in Texas. O'Neal received notice of the proceedings, (Doc. 589-1), and notice was published in the Wall Street Journal on August 14, 2006, August 21, 2006, and August 28, 2006. (Doc. 589-2). On October 5, 2006, O'Neal filed no claim to the funds, and they were administratively forfeited.

[3] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).