UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| vs. | ) | CASE NO. | 3:08-CR-00107 |
| | ) | | REEVES/CORKER |
| RALPH O'NEAL | ) | | |

## MEMORANDUM AND ORDER

This matter is before the court on O'Neal's *pro se* motion for reconsideration of the court's order denying his motion for return of property at 304 Roddy Lane, Harriman, Tennessee. A Final Order of Forfeiture was entered regarding this property on November 13, 2015.

The court has previously adjudicated claims brought by O'Neal and his mother, Ethel Roddy Strickland, pertaining to the property. *See United States v. O'Neal*, Criminal Case No. 3:08-CR-107 [R. 648] and *United States v. Real Property located at 304 Roddy Lane, Harriman, Tennessee*, Civil Case No. 3:12-CV-94 [R. 35, 38].

The court notes that it has the authority to reconsider its order. Motions to reconsider may be treated as motions to alter/amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Rule 59(e) motions may be granted if there is (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice. *E.g., Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

Although it has authority to do so, a court will only reconsider its prior ruling in rare and unusual circumstances. Motions to reconsider are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D.Ind. 1994). "A court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or rehash the initial issues." *Id.* at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or "to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Id.* at 1408. Motions to reconsider are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for an appeal." *Sherwood v. Royal Ins. Co. of Amer.*, 290 F.Supp.2d 856, 858 (N.D.Ohio 2003).

In support of his motion, O'Neal relies on the case of *Honeycutt v. United States*, 137 S.Ct. 1626 (2017), in which the Supreme Court held that the language in 21 U.S.C. § 853(a) forecloses joint and several liability for co-conspirators. *Id.* at 1633. O'Neal argues that *Honeycutt* is retroactive and negates the forfeiture of the subject property. This argument is without merit. O'Neal was convicted of eleven counts of drug trafficking on December 17, 2009. The jury also returned a special verdict finding that the subject property constitutes or was derived from the proceeds of O'Neal's drug trafficking and had been used to facilitate the commission of the drug trafficking offenses. At sentencing on June 9, 2011, O'Neal's interest in the subject property was forfeited and he was sentenced

to life imprisonment. O'Neal's conviction was affirmed by the Sixth Circuit Court of Appeals on April 4, 2012. Unfortunately for O'Neal, *Honeycutt* did not make its ruling retroactive to cases on collateral review. Nor is *Honeycutt's* new rule substantive or a watershed rule of criminal procedure. *See United States v. Filice*, 2018 WL 2326616 at *3 (E.D.Ky May 22, 2018) (*Honeycutt* not to be applied retroactively). Thus, under *Honeycutt*, forfeiture still exists for any person convicted of a felony under the Drug Abuse Prevention and Control Act. The court finds O'Neal has failed to demonstrate that he is entitled to relief, and his motion for reconsideration [R. 649] is **DENIED.**

Enter:

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**

3